

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2019

**BY ELECTRONIC MAIL & ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States* **v.** *Konstantin Ignatov*, **S7 17 Cr. 630 (ER)**

Dear Judge Ramos:

    The Government submits this letter to respond very briefly to several of the points raised in the defendant's reply letter of June 28, 2019 (the "Reply Letter").

    First, in his Reply Letter, the defendant understates his role in the OneCoin scheme. As the Complaint notes, in addition to serving as his sister Ruja's personal assistant prior to her disappearance, the defendant appears to have also served in an administrative role at OneCoin. In a publicly available video published on YouTube on or about December 17, 2016, the defendant is introduced as the "Head of Administration and heart and soul of OneLife." (*See* Complaint at p. 17, n.6; https://www.youtube.com/watch?v=HDL2kmzY6Mg at timestamp 0:50 – 1:35). Notably, on or about December 2, 2017, within months of his sister's flight, the defendant appeared at a massive OneLife "MasterMind Event" in Bangkok, Thailand, where he introduced himself as "from the Sophia Head Office, from the management group," and mentioned that his "beloved sister, the founder and visionary behind the innovative concept of OneCoin . . . Dr. Ruja Ignatova . . . sends her warmest regards." (*See* Complaint at ¶ 24; https://www.youtube.com/watch?v=HVJqvRTJLdM at timestamp 1:00:10 – 1:01:45). On or about July 28, 2018, the defendant, appeared at another large OneCoin-OneLife event in Cordoba, Argentina, at which he identified himself as "head from the Sophia Management Group, and . . . head of the GLG [Global Leadership Group] and the Inner Circle." (*See* Complaint at ¶ 27; https://www.youtube.com/watch?v=N1fDIa5Cr5Y at timestamp 6:00 – 6:45).[1]

---

[1] The videos available at these three YouTube links have been preserved by the Government.

Honorable Edgardo Ramos
United States District Judge
June 28, 2019

      Second, in his Reply Letter, the defendant still fails to specify any of the assets that would secure his bond or any of the individuals who would sign his bond. He likewise fails to describe how the 24/7 private security guard he proposes would be funded. As noted in the Government's June 27, 2019 letter, courts in this district and other districts have denied virtual private jail solutions and ordered detention where defendants have failed to reveal how the arrangements would be funded. *See United States v. Dan Zhong*, 682 F. App'x 71 (2d Cir. 2017); *United States v. Raniere*, 18-CR-204 (NGG), 2018 WL 3057702, at *7-8 (E.D.N.Y. June 20, 2018) (detaining defendant based upon flight risk where defendant had no declared assets but appeared to have access to enormous resources offered to be guarded by a private security company); *United States v. Zarrab*, 2016 WL 3681423, at *10 (S.D.N.Y. June 16, 2016). Given that the defendant does not have any source of income other than the OneCoin scheme—which, as described in the Complaint, generated €3.353 billion in sales revenue and earned "profits" of €2.232 billion, between the fourth quarter of 2014 and the third quarter of 2016 alone (*see* Complaint at ¶ 5, 14(b))—any such arrangement will ultimately be paid for by the victims of the defendant's fraud.

      Third, the defendant's offer in his Reply Letter to execute a waiver of extradition is of no consequence, as such waivers are unenforceable. More specifically, according to the OIA attorney who handles German extradition matters, even were the defendant to waive extradition, any such waiver would be unenforceable and, in any event, the German government would not extradite its own citizen to the United States for prosecution. Moreover, most courts in this country have recognized that "extradition waivers" are likely unenforceable in foreign countries and therefore legally insignificant for purposes of bail conditions. *See, e.g. United States v. Morrison*, 16-MR-118, 2016 WL 7421924, at *4 (W.D.N.Y. Dec. 23, 2016) ("waiver may not become valid until an extradition request is pending in Canada and may be subject to withdrawal"); *United States v. Kazeem*, 1:15-cr-00172-AA-1, 2015 WL 4645357, at *3 (D. Or. Aug. 3, 2015) ("Defendant's suggestion that he might sign a waiver of extradition is undermined by grave doubts about the enforceability of such a waiver"); *United States v. Young*, No. 2:12-cr-502-TC-DBP, 2013 WL 12131300, at *7 (D. Utah Aug. 27, 2013) (describing defendant's offer to waive extradition as "hollow"); *United States v. Anderson*, 384 F. Supp. 2d 32, 41 (D.D.C. 2005) ("A general waiver of extradition would be effective only if [the defendant] were to seek refuge in a country whose laws recognized such a waiver, and only if [the defendant] were actually apprehended in that country.").[2]

---

[2] *See also*, *e.g.*, *United States v. Ali*, 793 F. Supp. 2d 386, 392 (D.D.C. 2011); *United States v. Cohen*, No. C 10-00547 SI, 2010 WL 5387757, at *9 n.11 (N.D. Cal. Dec. 20, 2010); *United States v. Georgiou*, No. 08-1220-M, 2008 WL 4306750, at *2-3 (E.D. Pa. Sept. 22, 2008); *United States v. Bohn*, 330 F. Supp. 2d 960, 961 (W.D. Tenn. 2004); *United States v. Stroh*, No. 396 CR 139-AHN, 2000 WL 1832956, at *5 (D. Conn. Nov. 3, 2000); *United States v. Botero*, 604 F. Supp. 1028, 1035 (S.D. Fla. 1985).

Honorable Edgardo Ramos
United States District Judge
June 28, 2019

      For the foregoing reasons, as well as the reasons set forth in the Government's June 27, 2019 letter submitted in response to the defendant's bail application, the Court should order that the defendant continue to be detained pending trial.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By: \_\_\_\_\_/s/_____
      Christopher J. DiMase / Nicholas Folly
      Assistant United States Attorneys
      (212) 637-2433 / 1060
      Julieta V. Lozano
      Special Assistant United States Attorney
      (212) 335-4025

cc:    Jeffrey Lichtman, Esq. (by ECF and electronic mail)
      Jeffrey Einhorn, Esq. (by ECF and electronic mail)