```
J669IGNC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    17 CR 630 (ER)

KONSTANTIN IGNATOV,

             Defendant.

------------------------------x

                                    New York, N.Y.
                                    June 6, 2019
                                    10:34 a.m.

Before:

                  HON. EDGARDO RAMOS

                                District Judge

                     APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
CHRISTOPHER J. DIMASE
NICHOLAS S. FOLLY
     Assistant United States Attorneys

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
JULIETA V. LOZANO

JEFFREY H. LICHTMAN
JEFFREY B. EINHORN
     Attorneys for Defendant

J669IGNC

1        (Case called)

2        MR. DIMASE:  Good morning, your Honor.  Christopher
3   Dimase for the government.  I'm joined at counsel table by
4   Special Assistant United States Attorney Julieta Lozano from
5   the Manhattan D.A.'s Office and AUSA Nick Folly.

6        MR. LICHTMAN:  Jeffrey Lichtman and Jeffrey Einhorn
7   for Konstantin Ignatov.  Good morning, Judge.

8        MR. EINHORN:  Good morning, your Honor.

9        THE COURT:  Good morning to you all.

10       This matter is on for an initial conference.  So
11  Mr. Dimase, tell me a little bit about this case and the
12  discovery, etc.

13       MR. DIMASE:  Yes, your Honor.  Let me just briefly
14  give you a procedural history of how we got to today.

15       Mr. Ignatov was arrested actually in Los Angeles on
16  March 6.  The complaint in this case was filed under seal the
17  following day, on March -- actually, I believe it was on
18  March 5.  And on March 6 Mr. Ignatov was arrested in Los
19  Angeles.  He was presented the following day, on March 7, in
20  Los Angeles and was detained after a bail hearing there.  He
21  was ordered removed to the Southern District of New York for
22  proceedings on that complaint.  He ultimately did appear for
23  the first time here in the Southern District on March 27.  On
24  that date he was presented on the complaint.  There was one
25  rollover of speedy trial time after that presentment.  And

J669IGNC

1   eventually, this was a week ago Tuesday, which I believe was
2   May 28, Mr. Ignatov appeared in magistrate court, waived
3   indictment, and a one-count superseding information was filed
4   against him on that date.  Mr. Ignatov entered a plea of not
5   guilty and waived speedy trial time until today for a
6   conference before this court.  So that's the procedural posture
7   where we are.
8           I did send a copy of the complaint, which is a
9   lengthy, quite detailed presentation of the facts of this case
10  to the court a week or two ago.  But essentially the
11  allegations are that Mr. Ignatov had a very high level position
12  at this entity called OneCoin, which the government alleges is
13  a fraud scheme involving the sale of a fraudulent
14  cryptocurrency.  Many, many details concerning the evidence
15  against Mr. Ignatov and coconspirators are included in the
16  complaint that's been filed and provided to the Court so I
17  won't reiterate that all here.
18          I would note that the government has turned over a
19  significant amount of discovery to Mr. Ignatov, including the
20  following items:  A video recorded postarrest statement made by
21  the defendant, the entirety of a phone -- the analysis of the
22  phone that was recovered from him at the time of his arrest,
23  several notebooks or journals that were recovered from him
24  pursuant to his arrest, and I would note for the Court that the
25  government did obtain a search warrant in order to search those

J669IGNC

1  notebooks and the phone.  But we've turned those items over
2  even before the information was filed.  And there are a few
3  other assorted smaller pieces of discovery that were produced
4  as well.
5      There is quite a bit of discovery in this case, as the
6  Court is aware from presiding over other related matters.  And
7  I can go through a couple of the categories.  I won't list
8  every single type of discovery.  But, among other things, there
9  are phone records and other pen register related records; video
10 recordings of many, many conferences and gatherings held by
11 OneCoin at which various misrepresentations were made; bank
12 records from many, many financial institutions all over the
13 world; and MLAT -- responses to MLAT requests from a number of
14 different countries around the world; and a substantial amount
15 of electronic data, particularly e-mail evidence obtained by
16 the government pursuant to judicially authorized search
17 warrants.  So those are some of the more substantial categories
18 of discovery in the case.
19     What we are asking, given the massive amount of
20 discovery here, is to basically set an initial date for a first
21 production of discovery which would go out in approximately one
22 month and then make any rolling discoveries that are requested
23 by the defense after that date.
24     I understand that Mr. Lichtman on behalf of his client
25 is prepared to consent to that schedule.

J669IGNC

1    If the Court has any other questions, I'm happy to
2    address them but that's where we stand.
3        THE COURT:  What is the status of discovery with
4    respect to the related defendants?  Is discovery complete from
5    the government's perspective with respect to those?
6        MR. DIMASE:  Your Honor, there are still probably some
7    assorted items but it's largely complete.  That being said, the
8    government continues to gather additional records and evidence
9    and is producing those on a rolling basis as well.  So I can't
10   say that it's complete for that -- for primarily that reason,
11   along with some small outstanding items as well.
12       THE COURT:  But you are prepared to begin to produce
13   discovery to Mr. Ignatov within one month?
14       MR. DIMASE:  That's correct, your Honor.  In addition
15   to what we've already produced prior to today.
16       THE COURT:  Mr. Lichtman.
17       MR. LICHTMAN:  Yes, Judge.  That's fine.  We
18   understand there's a huge amount of discovery, and they were
19   kind enough to provide huge minus a little to us prior to the
20   information being filed, so we're working through that and
21   getting appropriate computers.  The amount of material is so
22   much that it broke a couple of the computers in our office.  So
23   we had to visit the store and get new ones.  But that's fine.
24       I think, also, Mr. Ignatov has not been arraigned; is
25   that correct?

Case 1:17-cr-00630-ER   Document 93   Filed 07/08/19   Page 6 of 8      6
J669IGNC

MR. DIMASE:  Your Honor, my understanding is he was arraigned at the conference in magistrate court on the 28th of May and entered a not guilty plea at that time.

THE COURT:  If he waived indictment, then he --

MR. LICHTMAN:  Yes, your Honor.

THE COURT:  Very well.  So when do folks want to come back?  When does it make sense to come back?

MR. DIMASE:  I think the parties are in agreement on a date about six weeks out as a status conference.  Obviously, if there's a change we can appraise the Court by letter prior to that date.

I would just note that with respect to the large amount of discovery that Mr. Lichtman was referring to that crashed their computers, the phone that was recovered from Mr. Ignatov had a substantial amount of digital data on it, so much that it can be difficult without a very modern computer to open it and access the data.  And so we've actually produced that data twice to make sure that Mr. Ignatov was able to access it.

But, anyway, a six-week period for pretrial status conference I think makes sense here.

MR. LICHTMAN:  Judge, just a couple of issues.  One is I'm not certain how it's going to work with the MDC -- excuse me, MCC, with regard to him seeing the discovery that we received.  I know that they have their own rules, the amount of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  the discovery.  I will try to work with counsel from the MCC to
2  see if we can resolve that so he can actually review that
3  material, the voluminous nature and type of material that it
4  is, it may require him to have a special laptop in the MCC as
5  opposed to what they normally provide there, sort of ancient
6  computers, but we'll get back to you if we have any issue with
7  that.
8          Secondly, we do anticipate filing a bail motion that
9  would obviate the need for waiting six weeks before we see you
10 again.  It may be sooner.  But once that's done and submitted
11 obviously we'll be back.
12         THE COURT:  I'm happy to see you as soon as you're
13 prepared to go forward.
14         So Ms. Rivera, six weeks out.
15         THE DEPUTY CLERK:  July 19 at 11:30 a.m.
16         THE COURT:  Does that date work for everyone?
17         MR. LICHTMAN:  That's fine.
18         MR. DIMASE:  Yes, your Honor.  That's fine.
19         THE COURT:  Mr. Dimase, is there anything else that we
20 need to do today?
21         MR. DIMASE:  Yes, your Honor.  The government would
22 request the exclusion of speedy trial time from today until the
23 19th of July in order to allow the government to produce
24 additional discovery materials to Mr. Ignatov, to allow counsel
25 to review the materials that have already been produced and

1  additionally any new materials the government produces in the
2  next four weeks.
3         THE COURT:  Any objection?
4         MR. LICHTMAN:  We have no objection.
5         THE COURT:  There being no objection, I will exclude
6  the time between now and our next status conference under the
7  speedy trial clock for the reasons set forth on the record by
8  Mr. Dimase.
9         Unless there's anything else, we are adjourned.
10         (Adjourned)