# COVINGTON

BEIJING  BRUSSELS  DUBAI  FRANKFURT  JOHANNESBURG
LONDON  LOS ANGELES  NEW YORK  PALO ALTO
SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018 1405
T  1 212 841 1046
adevlin-brown@cov.com

August 29, 2019

By ECF
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  *United States v. Mark S. Scott,*
> S6 17 Cr. 630(ER)

Dear Judge Ramos:

I write as counsel to Mark Scott[1] in connection with the Government's application of this morning requesting an unspecified adjournment to the long-scheduled  October 7, 2019 trial.  As explained below, the Government's grounds for an adjournment are unfounded.  The Government's principal argument is that it needs time to review 70,000 documents that the taint team just now completed reviewing, and which the taint team in fact provided to both Mr. Scott and the prosecution late today.  Mr. Scott has not held up the taint team's review of these documents or their release to the prosecution team *in any way*.  In fact, it was Mr. Scott who told the taint team yesterday that it can release these documents to the Government and Mr. Scott *simultaneously*, to expedite access by the prosecution team in advance of the coming trial.  As a matter of professional courtesy, we have no objection to adjourning what is expected to be a three-week trial a week or two if that is consistent with the Court's calendar.  Mr. Scott strongly opposes any more significant delay, however.  The pending indictment has taken a tremendous toll on Mr. Scott's personal and professional life, and a year after charges were brought it is time the Government be put to its proof.

***

On September 5, 2018 the Government elected to search and seize numerous electronic devices from two residences of Mr. Scott, a practicing lawyer for two decades, arresting him the same day.  The search warrants required the Government to screen privileged materials from the prosecution team.

---

[1] As the Court may recall, I represented Mr. Scott for purposes of bail and presentment.  As reflected in the Motion for Substitution of Counsel filed today by James Noble, Mr. Scott has retained me to represent him at trial in this matter alongside David Garvin.

**COVINGTON**

In its application for adjournment, the Government painstakingly presents a long list of old grievances about the privileged review process as it has unfolded over time.  There are grievances on both sides.  Mr. Scott remains disappointed that the Government's taint team appears to have undertaken no effort to review the materials seized in a search warrant until approximately five months after the search was executed, only asking defense counsel for a list of attorneys and lawyers in January 2019.

But these old disputes are beside the point, and need not be rehashed.  At the prodding of the Court the parties worked out their differences, each side compromising, and settled on an agreed process for the taint team review on July 30th.  As the Government reported to the Court at the conference that same day, "[t]he parties have reached an agreement about the contemplated production and review of documents designated not privileged by the government's filter team," advising "we do not need the Court to make any rulings with respect to any of those issues that were on the table before." (July 30th Transcript at 3).

The agreement the parties reached was simple and sensible.  The taint team would employ search terms to segregate documents hitting on an agreed list of names of lawyers and clients.  The taint team would provide documents it deemed non-privileged to Mr. Scott and set a deadline for Mr. Scott to object to any documents he asserted were privileged, after which point all other documents would be provided to the prosecution team.  The Government proposed the same process for documents the taint team identified as falling within one of the crime fraud exceptions set out in the Court's order.  Mr. Scott readily agreed.

What the Government's application ignores is that process agreed to on July 30th has been followed, and is in the main working.  The taint team has provided documents to Mr. Scott on a rolling basis, asking for them to be reviewed in either three or seven days depending on the category.   Mr. Scott has reviewed these documents and agreed that all documents save for a tiny fraction could be turned over to the prosecution team.  In all cases Mr. Scott either met the deadline imposed for his review or negotiated a short extension (days, not weeks), which the Government in each case agreed to – based on the volume of documents, issues with search terms the taint team employed, or other concerns.  And as the process has continued, it has gotten better and faster.  With the taint team refining the use of terms to capture names of attorneys and clients following productive back-and-forth with the defense, the results are more accurate than ever.

That brings us to last Friday.  On August 23rd the taint team advised the defense via e-mail that the taint team "expect[s] to produce to you by the end of next week [i.e., August 30th] approximately 67,000 documents constituting additional materials from the Mark Scott ESI that has been determined to be non-privileged," asking that the Mark Scott review and assert privilege over any of these documents within a week of receipt.  Concerned with the volume of documents that the taint team had still not completed review of, counsel for Mr. Scott started discussing the issue with the Government.  After considering options, we informed the Government yesterday that the taint team could turn the set of documents – now estimated to be 70,0000 – over to the prosecution team *at the same time they were provided to defense, giving up entirely our right under the agreement struck with the Government to review the documents in advance.*  We agreed that the taint team could do the same for any other documents on a going

**COVINGTON**

forward basis.  Given that the taint team review process had become more accurate over time, this was a concession to the Government that seemed very much worth making.

The Government, it seems, cannot take yes for an answer.  Inexplicably, it seeks to use Mr. Scott's willingness to expedite the Government's access to these documents as reason to delay trial.  The Government argues that it is "entitled to a reasonable amount of time to review the more than 70,000 additional documents that it was granted access to for the first time only yesterday afternoon." [2]    What the Government is less clear about is that the holdup is its own taint team, not Mr. Scott.  The taint  team is "still in the process of releasing these documents," as the Government concedes in a footnote,  *Id.*  at n.2, and the documents were only released to the prosecution team and Mr. Scott this afternoon, after the Government filed its application. Mr. Scott has not delayed the prosecution team's access to this set of 70,000 documents by even one minute.

Privilege reviews are difficult, and the process can be frustrating to all.  But far from "obstructing the prosecution team's ability to review lawfully-obtained material," as the Government claims, Mr. Scott has followed the process the parties agreed to as reported to the Court on July 30th, and is now willing to remove himself from the process entirely so both parties – prosecution team and defense – can focus on preparing for the October 7th trial.  The taint team's own apparent challenges in clearing this latest batch of 70,000 documents are no fault of Mr. Scott's, and no reason to delay his right to a speedy trial.  The Government charged Mr. Scott with a serious crime over a year ago, throwing his life into turmoil, based on evidence it presumably believed would support a conviction.  The time has come for a trial.

Respectfully Submitted,

/s Arlo Devlin-Brown
Arlo Devlin-Brown

David M. Garvin
DAVID M. GARVIN, P.A.
200 SOUTH BISCAYNE BLVD.
SUITE 3150
MIAMI, FL 33131

---

[2] For context around what might be construed as a reasonable time to review these documents, it should be noted that the taint team expected the defense to review these documents within seven days.

**COVINGTON**

cc:     Government Counsel