UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REQUEST NO. 2

### The Indictment

The defendant in this matter, Mark S. Scott, has been formally charged in what is called an Indictment.  An Indictment is not evidence.  It is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  You are to give no weight to the fact that an Indictment has been returned against the defendant.  Only the evidence or lack of evidence decides that issue.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

The Indictment contains two counts or "charges."

Count One alleges that from at least in or about September 2015, up to and including in or about 2018, the defendant conspired, or agreed with others, to commit money laundering, that is, to engage in financial transactions in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a fraud scheme involving a purported cryptocurrency known as "OneCoin."

Count Two alleges that from at least in or about September 2015, up to and including in or about 2018, the defendant conspired, or agreed with others, to commit bank fraud, by misrepresenting and omitting material facts making false representations[1] to banks and other

---

[1] *See Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1999 (2016) (holding for common law fraud "nondisclosure alone ordinarily is not actionable;" an omission must be "materially misleading" (citing Restatement

financial institutions worldwide to cause ~~those financial institutions, including~~ FDIC-insured

financial institutions in the United States, to transfer funds into and out of accounts associated

with purported investment funds operated by the defendant and others.

You must consider each count separately, and you must return a verdict of guilty or not

guilty for each count.  Whether you find the defendant guilty or not guilty as to one offense

should not affect your verdict as to the other offense charged.[2]

---

(Second) of Torts § 529, p. 62 (1976)));  *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000) ("[S]ilence as to a material fact (nondisclosure), without an independent disclosure duty, usually does not give rise to an action for fraud."  (citing *Stewart v. Wyoming Cattle Ranche Co.*, 128 U.S. 383, 388 (1888))).  *See also, Neder v. United States*, 527 U.S. 1, 21-22 (1999) (holding that the common law definition of fraud applies to bank fraud); *Adelphia Recovery Trust v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 321-322 (S.D.N.Y. 2009) (holding that when a fraud claim is based on intentional non-disclosure or omission, the "omission is actionable as fraud only where there is an independent duty to disclose the omitted information"); *United States v. Bryser*, 838 F. Supp. 124, 125 (S.D.N.Y. 1993) (holding that an intent to defraud can be based on "*[d]eceptive* nondisclosures" (emphasis added)).

[2] Adapted from Sand et al., *Modern Federal Jury Instructions*, 3-1, 3-2, and Jury Charge of Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

**Count One: Money Laundering Conspiracy**

**REQUEST NO. 5**

**(Existence of the Conspiracy)**

The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the conspiracy actually existed, that is, that two or more persons knowingly and willfully entered into the unlawful agreement charged in the Indictment.

The ~~gist or the~~ essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy sat around together and entered into an~~y~~ express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding~~, either spoken or unspoken~~, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to commit an unlawful act has been established by direct proof.  However, common sense tells you that when people, in fact, enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspiracy by its very nature is characterized by secrecy.  It is, therefore, rare that a conspiracy can be proven by direct evidence of an explicit agreement.

You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an

4

inference.  ~~In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words.  In this regard you may, i~~In determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful purpose.

So first you must determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged.  In considering the first element, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, which may include not only the defendant, but other co-conspirators as well, and such inferences as reasonably may be drawn from the evidence.[3]

---

[3] Adapted from the Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (2017); Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-4.

**REQUEST NO. 8**

**(Concealment Money Laundering – Element #1)**

The first element of concealment money laundering is that the defendant conducted a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.  I instruct you that an FDIC insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state (including the District of Columbia) and persons, places, or entities located in another state, regardless of whether done for a business purpose or otherwise.

6

Foreign commerce means the same thing, except it is between a person, place, or entity in the United States and a person, place, or entity in a foreign country.

In determining whether someone is engaged in, or whether his activities affect interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal.  Any involvement at all will satisfy this element.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general.  The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.[4]

---

[4] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

**Count One: Money Laundering Conspiracy**


**REQUEST NO. 11**

**Count One: Money Laundering Conspiracy**

**(Concealment Money Laundering – Element #3)**

The third element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the government does not have to prove that the defendant specifically knew that the property involved in the transactions represented the proceeds of the wire fraud scheme or any other specific offense.  The government only has to prove that the defendant knew it represented the proceeds of some illegal activity that was a felony.[5] ~~Keep in mind that it is not necessary for the defendant to believe that the proceeds came from the wire fraud scheme; it is sufficient that the defendant believed that the proceeds came from some unlawful activity.~~[6]

---

[5] Adapted from Sand, *Modern Federal Jury Instructions*, 50A-9; the charge of the Hon. Lewis A. Kaplan in *United States v. Vikram Datta*, 11 Cr. 102 (S.D.N.Y. 2011); and the charge of the Hon. Shira A. Scheindlin in *United States v. Jorge Hernando Yepes-Morales*, 10 Cr. 867 (S.D.N.Y. 2011).

[6] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-9.

**REQUEST NO. 15**

**Count One: Money Laundering Conspiracy**

**(International Concealment Money Laundering – Element #2 and #3)**

The second and third elements of the crime constituting the second object of the money laundering conspiracy charged in Count One refer to concepts previously defined with respect to the first object of Count One, namely the term "some form of unlawful activity" and the concept of concealment of or disguising the location, source, ownership, or control of the proceeds of specified unlawful activity.  The same definitions and instructions provided previously apply to these terms as they appear in connection with this second object of Count One.  As I told you before, the Government must prove beyond a reasonable doubt that the defendant knew that the financial transactions at issue involved the proceeds of some form of unlawful activity that constitutes a felony under state, federal, or foreign law, but not necessarily which form of unlawful activity.

With respect to concealment, as that concept relates to this second object of the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt that the defendant transported, transmitted, or transferred the property involved in the transaction with knowledge that the transportation, transfer, or transmission was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the wire fraud scheme.  I've already provided you with the definition of wire fraud, and you should apply that same definition here.  As I instructed you before, as a matter of law, the term "specified unlawful activity" includes wire fraud.

Proof only that the funds were concealed is not sufficient to satisfy this element.  Instead, the government must prove that the purpose of the transportation, transfer, or transmission was

to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the defendant knew that this was the purpose of the transportation, transfer, or transmission.[7]

---

[7] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-19.

**REQUEST NO. 17**
**(Existence of the Conspiracy)**

In determining whether a conspiracy to commit bank fraud existed, you must consider the principles regarding the existence of the conspiracy I set out earlier in these instructions.  In this instance, the unlawful object or purpose of the conspiracy charged in Count Two is to commit bank fraud.

It is the conspiratorial agreement to do the crime that is at issue; it is an a entirely distinct and separate offense from the substantive crime of bank fraud.  And, it follows, it is unnecessary for you to find that the crime of bank fraud actually occurred, although bank fraud as I will define it must be the object of the conspiracy, whether or not it succeeded. .

It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding to accomplish, by the means alleged, the object of the conspiracy.[8]

---

[8] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017).

**Count Two: Bank Fraud Conspiracy**
**REQUEST NO. 19**

**(Existence of a Scheme or Artifice)**

The first element of bank fraud is that that there was a scheme to defraud a bank <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

This element requires proof of the existence of only one of these.  That is, <u>either</u> that there existed a scheme to defraud a bank <u>or</u> a scheme to obtain property under the custody or control of a bank by means of materially fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property.

In order to prove the second theory of bank fraud, the government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts where there is a duty to disclose them[9], and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

---

[9]  "[F]raud based on a failure to disclose" requires proof "that the defendant had a duty to disclose." *Bank of Am., N.A. v. Bear Stearns Asset Mgmt.*, 969 F. Supp. 2d 339, 351 (S.D.N.Y. 2013) (quoting *Brass v. Am. Film Techs.*, Inc., 987 F.2d 142, 150 (2d Cir. 1993)); *Adelphia Recovery Trust v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 321-322 (S.D.N.Y. 2009) (holding that when a fraud claim is based on intentional non-disclosure or omission, the

The deception need not be premised upon spoken or written words alone. The
arrangement of the words, ~~the omission of words,~~[10] or the circumstances in which they are used

"omission is actionable as fraud only where there is an independent duty to disclose the omitted information"). *See also, Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1999 (2016) (holding for common law fraud "nondisclosure alone ordinarily is not actionable;" an omission must be "materially misleading" (citing Restatement (Second) of Torts § 529, p. 62 (1976))); *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000) (stating that omissions "without an independent disclosure duty, usually does not give rise to an action for fraud" (citing *Stewart v. Wyoming Cattle Ranche Co.*, 128 U.S. 383, 388 (1888))); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 234 (S.D.N.Y. 2015), (noting that in Alabama, Florida, Georgia, Kentucky, Michigan, New Jersey, New York, South Dakota, and Texas "the basic elements of a fraudulent concealment claim [require] (1) a duty to disclose on the part of defendant [and] (2) concealment or failure to disclose by defendant"); *United States v. Bryser*, 838 F. Supp. 124, 125 (S.D.N.Y. 1993) (holding that an intent to defraud can be based on "*[d]eceptive* nondisclosures" (emphasis added)).
[10] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[11]

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[12]

It is not necessary for the Government to prove that the financial institutions actually lost money or property as a result of the scheme, or that the defendant intended for the financial institutions to lose money or property.[13]  A scheme to defraud a bank also exists when a bank is provided false or fraudulent information that, if believed, would prevent the bank from being able to make informed economic decisions about what to do with its money or property.[14]  For example, if the Government proves beyond a reasonable doubt that ~~because of~~ the scheme

---

[11] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

[12] *See Neder* v. *United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States* v. *Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States* v. *Rodriguez,* 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

[13] *See Shaw* v. *United States*, 137 S. Ct. 462, 469 (2016) (holding that the Government need not prove that the defendant intended that the bank ultimately suffer monetary loss).

[14] *See*, *e.g.*, *United States v. Atilla*, 15 Cr. 867 (RMB).

14

caused or induced,[15] the financial institutions entered into transactions they would otherwise not have entered into, then the Government will have met its burden of proof as to this element.[16]

---

[15] The language, "because of the scheme," could be understood to include any "but-for" causation.  The bank fraud statute's "'by means of' language requires more" than a mere but-for cause.  *Laughrin v. United States*, 573 U.S. 351, 364-65 (2014).  The defendant "must acquire (or attempt to acquire) bank property 'by means of' the misrepresentation. . . . at least in part, *through* the specified action, instrument, or method (the 'means'), such that the connection between the two is something more than oblique, indirect, and incidental."  *Id.* at 362-63.  *See also, Shaw v. United States*, 137 S. Ct. 462, 467 (2016) (stating that bank fraud requires "the defendant misled the bank *in order to* obtain those funds" (emphasis added)).

[16] *See Shaw* v. *United States*, 137 S. Ct. 462, 467 (2016) (The bank fraud "statute, while insisting upon 'a scheme to defraud,' demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss.  Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' even if 'he gets a quid pro quo of equal value.' *United States* v. *Rowe,* 56 F.2d 747, 749 (C.A.2 1932). That is because '[i]t may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost,' for example, 'his chance to bargain with the facts before him.' *Ibid.*"); *United States* v. *Regent Office Supply Co.*, 421 F.2d 1174, 1181–82 (2d Cir. 1970) ("[A] wrong has been suffered when a man is deprived of his chance to bargain with the facts before him where the absent facts are facts material to the bargain he is induced thereby to enter.").

**REQUEST NO. 21**

**Count Two: Bank Fraud Conspiracy**

**(Federally Insured Financial Institution)**

The third element of the crime of bank fraud is that a financial institution ~~in question~~that was the object of the alleged scheme was federally insured at the time of the scheme.  This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation or a credit union with accounts insured by the National Credit Union Share Insurance Fund during the time frame alleged in the Indictment.  The Government has alleged that there were three FDIC financial institutions that were the object of the scheme: Morgan Stanley, Bank of New York Mellon, and Sabadell. The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element.[17]

---

[17] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11; 18 U.S.C. § 20(1) & (2).

## REQUEST NO. 23

## Venue

With respect each count in the Indictment, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York.  This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.  The act itself may not be a criminal act.  And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

With respect to Count One, you must find that it is more likely than not that either an overt act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy, or that the financial or monetary transfer that you ~~are considering~~ conclude was in fact a laundering of criminal proceeds took place in or passed through the Southern District of New York.  You need not find both of these things.

Specifically, with respect to Count Two, you need to find that it is more likely than not that an overt act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy.

17

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.[18]

---

## REQUEST NO. 28

### Accomplice/Cooperating Witness Testimony

You have also heard from witnesse(s) who testified that he/they pled guilty to criminal charges.  He/They each testified pursuant to an agreement to cooperate with the Government.  The law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  It is also the case, however, that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

The fact that a witness is an accomplice may be considered by you as bearing upon his credibility.  However, it does not follow that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness's testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his or her background and the extent to which his or her testimony is or is not corroborated by other evidence.  You may consider whether accomplice witnesses, like any other witnesses called in this case, have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony from witnesses who have agreements with the government.  I must caution you that it is of no concern of yours why the government made an agreement with a

19

witness.  Your sole concern is whether a witness has given truthful testimony here in this
courtroom before you.

In evaluating the testimony of accomplice witnesses,[19] I have given you some general
considerations on credibility and I will not repeat them all here.  Nevertheless, let me say a few
things that you might want to consider during your deliberations on the subject of accomplices.
Yyou should ask yourself whether the witness would benefit more by lying or by telling the
truth.  Was either witness's testimony made up in any way because he believed or hoped that he
would somehow receive favorable treatment by testifying falsely?  Or did he believe that his
interests would be best served by testifying truthfully?  If you believe that the witness you are
considering was motivated by hopes of personal gain, was the motivation one that would cause
him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his
testimony?  In sum, you should look at all of the evidence in deciding what credence and what
weight, if any, to give to an accomplice witness.[20]

---

[19] Adapted from Jury Charge of Hon. Edgardo Ramos in *United States v. Dawkins*, 17-cr-00684 (S.D.N.Y 2019).
[20] Adapted from Jury Charge of Hon. Laura T. Swain in *United States v. Stewart*, 15 Cr. 287 (S.D.N.Y. 2016).

## REQUEST NO. 29

## Uncalled Witnesses – Equally Available

There are people whose names you heard during the course of the trial that did not appear in court to testify.  ~~I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore,~~ [21] ~~y~~You should not draw any inferences or reach any conclusions as to what they would have said if they had been witnesses in this case.  Their absence should not affect your judgment in any way about what any witness would have testified about if he or she had been called as a witness.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence whatsoever, and that the burden always rests with the Government to prove a defendant's guilt beyond a reasonable doubt.[22]

---

[21] This statement would not be factually accurate.  Many of the potential witnesses are outside the United States and beyond the reach of the defense subpoena power.

[22] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 38

## Use of Audio and Video Recordings and Transcripts [If Applicable]

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that ~~these recordings were made in a lawful manner and that no one's rights were violated, and that~~ the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant .

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the recordings.  It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

 If you wish to hear any of the recordings again, they will be made available to you during your deliberations.[43]

---

[43] Adapted from Hon. Paul A. Engelmayer, Jury Charge, *United States v. Angelo Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); Hon. Pierre N. Leval, *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); Hon. John G. Koeltl, *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); *United States v. Joseph Brideson*, S6 00 Cr. 1118 (MBM); *see United States v. Ulerio*, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); *United States v. Vasquez*, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979)

Additional Instruction: **Number of Witnesses**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses.  The burden of proof is always on the government.  The defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In addition, as I mentioned before, the burden of proof is always on the government and the defendant is not required to called any witnesses or offer any evidence, since he is presumed to be innocent.[23]

---

[23] Sand, *Modern Federal Jury Instructions*, Instr. 4-3

23